**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|  |  |  |
|---|---|---|
| DENNIS ROBINSON, | : | |
| Plaintiff, | : | Civil No. 20-cv-00379-JMG |
| | : | |
| v. | : | |
| | : | |
| CDS TRANSPORT, INC. | : | |
| and CDS TRANSPORT AGENT GROUP, INC., | : | |
| Defendants. | : | |

_____

**MEMORANDUM**

Present before this court is an Order to Show Cause why it should not dismiss the above-captioned action for plaintiff's failure to comply with Rule of Civil Procedure 4. *See* ECF No. 5. The court held an *ex parte* hearing on June 25, 2020, at 12:00 p.m. with plaintiff's counsel. The below are the findings of the court on this matter.

Under Federal Rule of Civil Procedure 4, the plaintiff is required to do the following to effect service of process on a corporation:

(e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;

(h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

> (B) by delivering a copy of the summons and of the
> complaint to an officer, a managing or general agent,
> or any other agent authorized by appointment or by
> law to receive service of process and--if the agent is
> one authorized by statute and the statute so requires-
> -by also mailing a copy of each to the defendant;

Fed. R. Civ. P. 4(e), (h).

Plaintiff, Dennis Robinson, had the choice to deliver the amended complaint and

summons to defendants' agent authorized by appointment or law to receive service of process or

to follow state law from Utah, where service was attempted, or from Pennsylvania, where this

court is located.  In Utah, the state law requires personal service on "an officer, a managing or

general agent, or other agent authorized by appointment or law to receive process and by also

mailing a copy of the summons and complaint to the defendant, if the agent is one authorized by

statute to receive process and the statute so requires."  Utah Rule of Civil Procedure, Rule

4(d)(1)(E).  Plaintiff may also serve a corporation by mail in Utah if "defendant's agent

authorized by appointment or by law to receive service of process signs a document indicating

receipt."  Utah Rule of Civil Procedure, Rule 4(d)(2)(B).  All manner of service in Utah is

accepted by a party by signing a document that acknowledges receipt of the summons and

complaint.  Utah Rule of Civil Procedure, Rule 4(d)(3)(B).

In Pennsylvania, if the long arm statute, 42 Pa. Cons. Stat. section 5322, allows service

on an out of state corporation, the service may be made as follows:

> (a)  Manner of service.--When the law of this Commonwealth authorizes service of
> process outside this Commonwealth, the service, when reasonably calculated to
> give actual notice, may be made:
>
> > (1) By personal delivery in the manner prescribed for service within
> > this Commonwealth.

(2) In the manner provided or prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction.

(3) By any form of mail addressed to the person to be served and requiring a signed receipt.

(4) As directed by the foreign authority in response to a letter rogatory.

(5) As directed by a court.

42 Pa. Cons. Stat. § 5323(a).

Proof of service outside of the Commonwealth by mail "shall include a receipt signed by the addressee or the other evidence delivery to the addressee satisfactory to the tribunal." 42 Pa. C.S.A. 5323(b). Service of process on a corporation may be completed by handing a copy of the complaint and summons to the executive officer, partner, or trustee of the corporation, to the manager, clerk or "other person for the time being in charge of any regular place of business or activity of the corporation" or to an agent authorized in writing to receive service of process for the corporation. Pa. R.C.P. 424.

Here, the court does not find good cause for an extension of the time for service of process under Rule 4(m).[1] The docket does not show there has been effective service of either the complaint or the amended complaint and summons on defendants under federal or state law as described above. In the Third Circuit, good cause is equated with "excusable neglect." *See MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995) (finding plaintiff did not have good cause despite attempts to serve defendants at several different

---

[1] *See M.K. ex rel. Barlowe K. v. Prestige Acad. Charter Sch.*, 751 F. App'x 204, 206-07 (3d Cir. 2018) (citing Fed. R. Civ. P. 4(m); *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995)) (finding court must extend time for service if there is good cause but if good cause is not present, "the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service.").

locations).  Courts assess good cause by looking at three factors, namely: "(1) reasonableness of plaintiff's efforts to serve (2) prejudice to the defendant by lack of timely service and (3) whether plaintiff moved for an enlargement of time to serve." *Id.*

In the instant case, plaintiff's counsel avers he attempted service twice, once unsuccessfully in January and then again on April 27, 2020, after the 90-day Rule 4(m) service period had passed but timely during this court's first discretionary extension period. *See* ECF No. 5 n.1 (describing first discretionary extension); ECF No. 9 (Plaintiff's response for service).  The second attempt was by FedEx, "direct signature required," with a resulting signature that read COVID-19 and no indication that service was made to a person, let alone an authorized agent. ECF No. 7, 8; *See Leach v. Phelan Hallinan Diamond and Jones LLP*, No. 19-3183, 2020 WL 1875631, at *5 (E.D. Pa. Apr. 15, 2020) (finding no good cause where there was no explanation for failure to properly serve process after two attempts at service by mail).  *See also Shuler v. TimePayment Corp.*, Civil Action No. 19-4160, 2020 WL 3034821, at *3-5 (finding COVID-19 closures may provide sufficient reason/good cause for alternative service such as an order of notice or extension of time for service but *pro se* plaintiff's failure to request this relief or continue efforts to serve defendant preclude good cause determination).

Plaintiff's counsel argued that the fact FedEx left the package indicated that it was given to a person, but counsel's follow up with FedEx did not result in a definitive answer on that issue.  Reliance on a third party or process server is insufficient to constitute good cause for failure to timely serve.  *See Petrucelli*, 46 F.3d at 1307 (citing *Braxton v. U.S.*, 817 F.2d 238, 242 (3d Cir. 1987)).  Plaintiff's counsel also made subsequent attempts at providing defendants actual notice of the case by facsimile communication, but on the date of the hearing before the court, had not yet received a response.  Although these communications may mitigate any

prejudice to the defendants by lack of timely service, they were also made after the service period, with extension, had ended. *See Boley v. Kaymark*, 123 F.3d 756, 759 (3d Cir. 1997) ("actual notice to a defendant that an action was filed militates against a finding of prejudice"); *MCI*, 71 F.3d at 1097 ("absence of prejudice alone can never constitute good cause to excuse late service") (citation omitted).  Plaintiff's counsel has never moved for an extension of time for service to date, including at the hearing.

"[D]istrict courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or simply quash service of process." *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992).  If a plaintiff has acted in good faith but nonetheless failed to effectuate proper service, courts are reluctant to dismiss.  *See, e.g., Ramada Worldwide Inc. v. Shriji Krupa LLC*, No. 07-2726, 2013 WL 1903295, at *6 (D.N.J. Apr. 15, 2013). The Third Circuit has found that a district court may consider: actual notice of the legal action; prejudice to the defendant; the statute of limitations on the underlying causes of action; the conduct of the defendant; and whether the plaintiff is represented by counsel, in addition to any other relevant factor when deciding whether to grant an extension or dismiss the complaint.  *Chiang v. U.S. Small Business Admin.*, 331 Fed. App'x 113 (3d Cir. 2009) (citations omitted).  Here, plaintiff responded to the court's order to show cause timely, his attempts at service were timely although ineffective, and plaintiff's counsel made efforts beyond service to try to give defendants actual notice of this action.  The court must also remain mindful of the Third Circuit's preference that "cases be disposed of on the merits whenever practicable."  *See, e.g., Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

Because any service made now would be untimely, the court uses its discretion to find dismissal inappropriate and instead quash service and extend the time for plaintiff to effect

proper service under Rule 4(m), as there is a reasonable prospect that service can be properly

effected.  *See Umbenhauer*, 969 F.2d at 30 (finding dismissal is inappropriate if service can still

be properly effected); *Petrucelli,* 46 F.3d at 1305 (explaining that the Rule 4(m) advisory

committee's notes explain the rule allows for relief from dismissal even if plaintiff has not

shown good cause).  Thus, this court grants plaintiff a second discretionary extension of sixty

(60) days.


DATED: June 30, 2020                                    BY THE COURT:


                                                       */s/ John M. Gallagher*
                                                       JOHN M. GALLAGHER
                                                       United States District Court Judge